PRYOR, Appellant,

v.

LAZAROFF, Warden, Appellee.

[Cite as *Pryor v. Lazaroff* (1999), 131 Ohio App.3d 617.]

Court of Appeals of Ohio,
Fourth District, Pickaway County.

No. 98 CA 21.

Decided Jan. 25, 1999.

618

*James W. Pryor, pro se.*

*Betty D. Montgomery,* Attorney General, and *Michelle M. Shoeppe,* Assistant Attorney General, for appellee.

---

PAINTER, Judge.

James W. Pryor appeals from the judgment of the trial court dismissing his petition for a writ of habeas corpus. The trial court dismissed his petition because Pryor failed to attach a list of his prior civil actions as mandated by R.C. 2969.25.

Pryor raises two assignments of error in his appeal. In his first assignment, he contends that the trial court erred in dismissing his petition because R.C. 2969.25 applies only to civil actions and a writ of habeas corpus is not sought in a civil action. In his second assignment of error, he argues that the trial court

violated his rights of due process and equal protection by dismissing his petition on procedural grounds.

Pryor's petition for habeas corpus claimed that the Ohio Adult Parole Authority ("APA") violated his procedural due process rights specified in *Morrissey v. Brewer*[1] during his parole-revocation hearing. Specifically, he alleged that his parole officer lied and that, as a result, the APA "predetermined" the outcome of his revocation hearing. In his petition, Pryor claimed that he was entitled to immediate release. In his reply brief, however, he sought a new revocation hearing.

Interestingly enough, the Ohio Supreme Court has not specifically addressed the issue of whether a writ of habeas corpus is sought in a civil action as contemplated by R.C. 2969.25.[2] This is because the dismissals of the petitions in the cases before it have been warranted on other grounds.[3] The same situation exists in this case. We need not consider whether R.C. 2969.25 applies to Pryor's petition for a writ of habeas corpus because the trial court's dismissal of his petition is correct for other reasons.[4]

R.C. 2725.04 mandates that a petition for a writ of habeas corpus be signed and verified by the party imprisoned or some person on his behalf. It must also specify that the person on whose behalf the writ is sought is imprisoned or restrained of his liberty.[5] The petition must also specify the name of the person by whom the prisoner is confined and the place of confinement, if known.[6] The statute further requires that the petition have attached a copy of the commitment or cause of detention, if it can be procured.[7]

---

1. *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

2. The Eighth District Court of Appeals, relying on *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 696 N.E.2d 594, and *State ex rel. Alford v. Winters* (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242, concluded that noncompliance with R.C. 2969.25 warranted dismissal of a petition for a writ of habeas corpus. See *State ex rel. Shead v. Morgan* (Oct. 22, 1998), Cuyahoga App. No. 75122, unreported, 1998 WL 741870. We do not read these cases as determining whether R.C. 2969.25 is applicable to habeas-corpus actions. The Ohio Supreme Court merely referred to the fact that the trial courts had dismissed the petitions on that ground, but it provided additional grounds warranting dismissal.

3. See *Smith v. Walker* (1998), 83 Ohio St.3d 431, 700 N.E.2d 592; *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 695 N.E.2d 254; *State ex rel. Zanders v. Ohio Parole Bd.* (1998), 82 Ohio St.3d 421, 696 N.E.2d 594.

4. See *Smith v. Walker, supra.*

5. R.C. 2725.04(A).

6. R.C. 2725.04(B) and (C).

7. R.C. 2725.04(D).

■ Pryor failed to verify his petition for a writ of habeas corpus. This renders his petition fatally defective as a matter of law.[8]

He also failed to attach all his pertinent commitment papers, including a copy of the APA parole-revocation order and his commitment order. Pryor did attach to his petition a "Notice of Findings of Release Violation Hearing," which contained a summary of evidence and the determination to revoke his release. There is nothing in the attachment, however, that identifies where Pryor is committed or the terms of his conviction and sentence. In his petition, Pryor alleged that he was to be incarcerated for three more years and that he was only one week away from being considered for final release from parole. Therefore, Pryor's commitment orders are relevant to the allegations in his petition. Furthermore, this court has construed R.C. 2725.04(D) to require "a copy of the commitment to the current institution where a petitioner is being restrained."[9] Pryor's failure to attach all pertinent commitment papers renders his petition fatally defective.[10]

■ Furthermore, "[h]abeas corpus is available when an individual's maximum sentence has expired and he is being held unlawfully."[11] "[H]abeas corpus will lie to challenge a decision of the APA to revoke parole only in extraordinary cases where the petitioner is entitled to immediate release from confinement."[12]

■ Pryor claims that the APA failed to comply with the minimum due process requirements specified in *Morrissey v. Brewer*, which holds that the parolee must have the opportunity to be heard and to show that he did not violate his parole or, if he did, that mitigating circumstances would not warrant revocation. The parolee also is entitled to written notice of a claimed violation, disclosure of evidence against him, the opportunity to be heard and to present evidence, the

8.  See *State ex rel. Lake v. Anderson* (1997), 80 Ohio St.3d 491, 687 N.E.2d 453; *State ex rel. Johnson v. Ohio Parole Board* (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227; *Workman v. Shiplevy* (1997), 80 Ohio St.3d 174, 685 N.E.2d 231.

9.  *White v. Morris* (Aug. 1, 1994), Ross App. No. 93CA1967, unreported, fn. 4, 1994 WL 409718.

10.  See *State ex rel. Finfrock v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 639, 687 N.E.2d 761; *Boddie v. Edwards* (Dec. 29, 1997), Ross App. No. 97CA2301, unreported, 1997 WL 802699.

11.  *Adkins v. McFaul* (1996), 76 Ohio St.3d 350, 351, 667 N.E.2d 1171, 1172.

12.  *Walters v. Ghee* (Apr. 1, 1998), Ross App. No. 96CA2254, unreported, 1998 WL 154537. See *Fowler v. McAninch* (July 14, 1997), Ross App. No. 97CA2269, unreported, 1997 WL 426119.

right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement as to the evidence relied on and the reasons for revocation.[13]

■ Pryor's petition failed to allege a violation of any of these rights. He alleged merely that his parole officer lied at his revocation hearing and that he informed others prior to the hearing that Pryor would be returned to prison. Pryor's claim that his parole officer's conduct resulted in a predetermination of revocation by the hearing officer was an unsupported conclusory allegation. Although he cited *Morrissey v. Brewer*, Pryor's facts do not support a claim for violation of his due process rights. In the absence of any other allegations, we cannot say that Pryor stated with particularity any extraordinary circumstances entitling him to relief.

■ Even if he could prove a due process violation, Pryor would not be entitled to immediate release. "As long as an unreasonable delay has not occurred, the remedy for noncompliance with the *Morrissey* parole-revocation due process requirements is a new hearing, not outright release from prison." [14]

Accordingly, we conclude as a matter of law that Pryor is not entitled to habeas corpus relief and that the trial court correctly granted Warden Lazaroff's motion to dismiss. Accordingly, we affirm the judgment of the trial court.

*Judgment affirmed.*

PETER B. ABELE and HARSHA, JJ., concur.

MARK P. PAINTER, J., of the First Appellate District, sitting by assignment.

---

13. *Morrissey v. Brewer*, 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499.

14. *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 188, 652 N.E.2d 746, 749.