FUQUA, APPELLANT, *v.* WILLIAMS, WARDEN, APPELLEE.

[Cite as *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533.]

(No. 2003–0809—Submitted September 24, 2003—Decided November 5, 2003.)

Per Curiam.

{¶ 1} In November 1994, the Hardin County Court of Common Pleas convicted appellant, Carlos J. Fuqua, of aggravated burglary and kidnapping and sentenced him to consecutive prison terms of 10 to 25 years.

{¶ 2} In March 2003, Fuqua filed a petition for a writ of habeas corpus in the Allen County Court of Appeals and requested leave to proceed in forma pauperis, but he did not file the affidavit required by R.C. 2969.25(A), describing each civil action or appeal of a civil action that he had filed in the previous five years in any state or federal court. Appellee, Jesse J. Williams, Fuqua's prison warden, moved to dismiss the petition. In April 2003, the court of appeals granted Williams's motion and dismissed the petition.

{¶ 3} Fuqua asserts that R.C. 2969.25 is inapplicable to habeas corpus actions. The provisions in R.C. 2969.21 through 2969.27 were enacted as part of Sub.H.B. No. 455, effective October 17, 1996, and appear to be Ohio's version of the Federal Prison Litigation Reform Act ("PLRA"), which amended Section 1915, Title 28, U.S.Code. The PLRA sets forth comparable in forma pauperis requirements for prisoner litigation in federal courts. See *Rash v. Anderson* (1997), 80 Ohio St.3d 349, 351, 686 N.E.2d 505. Neither the PLRA nor R.C. 2969.21, which defines relevant terms, specifically identifies which actions are to be considered "civil."

{¶ 4} Previously, we have not expressly addressed the issue of whether "civil actions" under R.C. 2969.21 et seq. include habeas corpus cases. See, e.g., *State ex rel. Swingle v. Zaleski* (2001), 91 Ohio St.3d 82, 83, 742 N.E.2d 130 ("Swingle does not contend that R.C. 2969.25[A] is inapplicable to mandamus and habeas corpus actions"); see, also, *Pryor v. Lazaroff* (1999), 131 Ohio App.3d 617, 619, 723 N.E.2d 178 ("Interestingly enough, the Ohio Supreme Court has not specifically addressed the issue of whether a writ of habeas corpus is sought in a civil action as contemplated by R.C. 2969.25").

{¶ 5} Admittedly, United States Courts of Appeals have construed the PLRA as inapplicable to federal habeas corpus actions. See, e.g., *Santana v. United States* (C.A.3, 1996), 98 F.3d 752, 754; *Anderson v. Singletary* (C.A.11, 1997), 111 F.3d 801, 804; *United States v. Cole* (C.A.5, 1996), 101 F.3d 1076, 1077.

{¶ 6} Nevertheless, we hold that the provisions in R.C. 2969.21 et seq. apply to state habeas corpus actions for the reasons that follow.

{¶ 7} First, under Ohio law, state writ actions are civil actions. See *Henderson v. James* (1895), 52 Ohio St. 242, 259, 39 N.E. 805 (habeas corpus action is a civil proceeding); *Horton v. Collins* (1992), 83 Ohio App.3d 287, 291, 614 N.E.2d 1077 ("application for the writ [of habeas corpus] is a civil proceeding"). In fact, *Jolly v. Anderson*, Lorain App. No. 03CA008210, 2003-Ohio-3142, 2003 WL 21396459, at ¶ 5, expressly held that the requirements of R.C. 2969.22 and 2969.25 applied to habeas corpus petitions because they constitute civil actions.

{¶ 8} Second, federal precedent construing the PLRA is not dispositive because " 'the state writ of habeas corpus is not coextensive with the federal writ.' " *Daniel v. State*, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, ¶ 6, quoting *State ex rel. Smirnoff v. Greene* (1998), 84 Ohio St.3d 165, 168, 702 N.E.2d 423. Because Fuqua's "petition was filed pursuant to [state statute], the provisions in the PLRA are not applicable and Ohio statutory law controls." *Jolly,* supra, at ¶ 5. The federal decisions holding that certain federal writ proceedings are not civil actions encompassed by the PLRA have emphasized federal congressional legislative history underlying the PLRA, which is irrelevant to the intent of the General Assembly in enacting R.C. 2969.21 et seq. Cf. *Reyes v. Keane* (C.A.2, 1996), 90 F.3d 676, 678; *Pena v. United States* (C.A.5, 1997), 122 F.3d 3, 5.

{¶ 9} Finally, Fuqua conceded the point by expressly requesting leave in the court of appeals to amend his petition with the affidavit required by R.C. 2969.25. And Fuqua's belated attempt to file the required affidavit does not excuse his noncompliance. See R.C. 2969.25(A), which requires that the affidavit be filed "[a]*t the time that an inmate commences a civil action* or appeal against a government entity or employee." (Emphasis added.)

{¶ 10} Accordingly, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Carlos J. Fuqua, pro se.

Jim Petro, Attorney General, and Mark J. Zemba, Assistant Attorney General, for appellee.

---

1. By so holding, we find it unnecessary to address Fuqua's remaining claim.