[Cite as *Rembert v. Bobby*, 2012-Ohio-5571.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WILLIE REMBERT, | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | CASE NO. 12-MA-159 |
| | ) | |
| DAVID BOBBY, | ) | OPINION |
| | ) | AND |
| RESPONDENT. | ) | JUDGMENT ENTRY |

CHARACTER OF PROCEEDINGS:    Petition for Writ of Habeas Corpus

JUDGMENT:    Dismissed

APPEARANCES:
For Petitioner    Attorney Edward L. Littlejohn, Jr.
352 Main Street
Wintersville, Ohio 43953

For Respondent    Attorney Stephanie L. Watson
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43512-6011

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: November 29, 2012

PER CURIAM.

{¶1} Petitioner Willie Rembert has filed a petition for writ of habeas corpus against Respondent David Bobby, Warden of the Ohio State Penitentiary in Youngstown, Ohio, claiming he is being unlawfully detained there after serving 28 years of an indefinite sentence of 10 years to life for his convictions following guilty pleas to voluntary manslaughter and murder. The warden has filed a motion to dismiss the petition.

{¶2} In 1984, the Cuyahoga County Grand Jury indicted Rembert in two separate cases. In the first case, the grand jury indicted Rembert for aggravated murder with felony murder and firearm specifications and for rape with a firearm specification in connection with the rape and murder of Sylvia Bolden on February 23, 1984. *State v. Rembert*, Cuyahoga C.P. No. CR190364. In the second case, the grand jury indicted Rembert for aggravated murder with a firearm specification in connection with the murder of Alvin Williams on April 2, 1984. *State v. Rembert*, Cuyahoga C.P. No. 190273.

{¶3} Rembert subsequently pleaded guilty to amended indictments. In the first case, he pleaded guilty to murder and the trial court sentenced him to an indefinite term of 15 years to life in prison. In the second case, he pleaded guilty to voluntary manslaughter and the trial court sentenced him to an indefinite term of 10 years to 25 years in prison. The trial court ordered that both sentences be served concurrently with one another.

{¶4} On August 31, 2012, Rembert filed in this court the present petition for writ of habeas corpus arguing that his continued imprisonment amounts to cruel and unusual punishment because he was not the shooter and did not murder Sylvia Bolden. The warden has filed a motion to dismiss.

{¶5} Rembert's petition must be dismissed for two reasons. First, R.C. 2969.25(A) requires an inmate, at the time of commencing a civil action against a government entity, to "file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." The Ohio Supreme Court has held that the requirements in R.C. 2969.25 apply to state habeas corpus actions and that even

belated attempts to file the required affidavit do not excuse his noncompliance. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003–Ohio–5533, 797 N.E.2d 982, ¶ 6–9 ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action.").

**{¶6}** Here, Rembert, at the time of filing his petition, did not file an affidavit as required by R.C. 2969.25. Thus, as mentioned, compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258, 259, 719 N.E.2d 544 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422, 696 N.E.2d 594 (1998).

**{¶7}** The second reason Rembert's petition fails goes to the underlying basis of the petition itself – his claim of innocence. It is well accepted that questions as to the guilt or innocence of one convicted of a crime cannot be raised in a habeas corpus proceeding. *Jackson v. Maxwell, Warden*, 174 Ohio St.2d 32, 186 N.E.2d 725 (1962).

**{¶8}** For the foregoing reasons, Respondent's motion to dismiss is granted and Rembert's petition for writ of habeas corpus is hereby dismissed.

**{¶9}** Costs taxed against Rembert. Final order. Clerk to serve notice on the parties as required by the Ohio Rules of Civil Procedure.

Donofrio, J. concurs.
Vukovich, J. concurs.
DeGenaro, J. concurs.