[Cite as *Hudson v. Lazaroff*, 2014-Ohio-1654.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| TONIO P. HUDSON | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Petitioner | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 13 CA 112 |
| ALAN J. LAZAROFF, WARDEN | |
| Respondent | O P I N I O N |


CHARACTER OF PROCEEDING:          Petition for a Writ of Habeas Corpus


JUDGMENT:                                        Dismissed


DATE OF JUDGMENT ENTRY:          April 17, 2014


APPEARANCES:

For Petitioner                                    For Respondent

TONIO P. HUDSON PRO SE            NO APPEARANCE
MANSFIELD CORR. INSTITUTION
1150 North Main Street
Mansfield, Ohio  44901

*Wise, J.*

{¶1}. Petitioner, Tonio P. Hudson, has filed an "Original Action in Habeas Corpus." The petition requests immediate release from prison because Hudson alleges he "was not tried and convicted by the State Government, via its legal representative the attorney general, but rather the CUYAHOGA County prosecutor, the representative of a municipal corporation."

{¶2}. We need not reach the merits of the petition because Petitioner has failed to file an affidavit detailing Hudson's prior civil actions as required by R.C. 2969.25 which provides,

{¶3}. "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

{¶4}. "(1) A brief description of the nature of the civil action or appeal;

{¶5}. "(2) The case name, case number, and the court in which the civil action or appeal was brought;

{¶6}. "(3) The name of each party to the civil action or appeal;

{¶7}. "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or

made an award of that nature, the date of the final order affirming the dismissal or award."

{¶8}. "Habeas corpus actions are "civil actions," within meaning of statutes imposing requirements for the filing of civil actions by inmates, such as requiring an affidavit of civil litigation history. R.C. § 2969.21 et seq." *Fuqua v. Williams*, 2003-Ohio-5533, 100 Ohio St. 3d 211, 797 N.E.2d 982, HN 1.

{¶9}. The Supreme Court has approved the dismissal of a habeas petition where an inmate fails to file an affidavit in compliance with R.C. 2969.25.  See *Fuqua v. Williams*, 2003-Ohio-5533, 100 Ohio St. 3d 211, 797 N.E.2d 982, HN 1.

{¶10}. Because Petitioner failed to file an affidavit of his prior civil actions at the time the petition was filed, we dismiss the petition.


By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.


JWW/d 0407