[Cite as *Wright v. Black*, 2023-Ohio-505.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RAMON J. WRIGHT | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| Petitioner-Appellant | |
| -vs- | Case No. 2022 CA 0079 |
| KENNETH BLACK, WARDEN | |
| Respondent-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:    Appeal from the Richland County Court of
Common Pleas, Case No. 22-CV-0327N


JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    February 21, 2023


APPEARANCES:


For Petitioner-Appellant        For Respondent-Appellee

RAMON J. WRIGHT        DAVE YOST
Richland Correctional Institution        Attorney General of Ohio
P.O. Box 8107
Mansfield, Ohio 44901        LISA K. BROWNING
Senior Assistant Attorney General
Criminal Justice Section
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215

*Hoffman, J.*

**{¶1}** Petitioner-appellant Ramon J. Wright, Sr. appeals the judgment entered by the Richland County Common Pleas Court dismissing his petition for habeas corpus. Respondent-appellee is Kenneth Black, warden of the Richland Correctional Institution.

### STATEMENT OF THE CASE[1]

**{¶2}** Appellant is an inmate at the Richland Correctional Institution. In 1996, Appellant was convicted of aggravated murder, attempted aggravated murder, aggravated burglary and aggravated arson in Summit County, and was sentenced to a prison term of 70 years to life. Appellant filed a direct appeal, and the judgment of conviction and sentence was affirmed. *State v. Wright,* 9th Dist. Summit No. 18261, 1998 WL 65481.

**{¶3}** Appellant filed the instant petition for habeas corpus in the trial court, claiming he was entitled to be released from prison because his speedy trial rights were violated. He specifically argued the Summit County Common Pleas Court found a probation violation holder affected the time by which he should be brought to trial, when in fact a probation violation holder was never filed, and thus he was not brought to trial within the statutory time.

**{¶4}** The trial court dismissed the petition, finding the claim barred by res judicata. The trial court further calculated Appellant's speedy trial time based on the docket from the Summit County Common Pleas Court, and found due to the numerous motions filed in this case, which was originally indicted as a death penalty case, the time was tolled for all but sixty days. The trial court found even if the parole holder was invalid

---

[1] A rendition of the facts is unnecessary to our resolution of the issues raised on appeal.

and Appellant therefore would have been permitted three-for-one counting pursuant to R.C. 2945.71(E), his speedy trial rights were not violated.

{¶5} It is from the October 24, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


I. THE RICHLAND COUNTY COURT OF COMMON PLEAS ERRED BY GRANTING RESPONDENT'S MOTION TO DISMISS.

II. THE RICHLAND COUNTY COURT OF COMMON PLEAS ERRED BY CONVERTING RESPONDENT'S MOTION TO DISMISS, CIV. R. 12(B)(6) INTO A MOTION FOR SUMMARY JUDGMENT.

III. WRIGHT ASSERTS THAT FRAUD WAS COMMITTED AGAINST THE TRIAL COURT, THUS, HIS JUDGMENT OF CONVICTION AND SENTENCE IS A NULLITY AND THAT HE IS WRONGFULLY RESTRAINED OF HIS LIBERTY, BECAUSE NO VALID PAROLE VIOLATION HOLDER EXISTS.

IV. THE RICHLAND COUNTY COURT OF COMMON PLEAS ERRED BY IMPOSING $401.50 COURT COSTS RATHER THAN IMPOSING COMMUNITY SERVICE OR FORGIVE THE COSTS, WHEN IT DISMISSED HIS HABEAS CORPUS PETITION.


I.

{¶6} In his first assignment of error, Appellant argues the trial court erred in granting Appellee's motion to dismiss his petition.

**{¶7}** A writ of habeas corpus is an extraordinary remedy available only in cases "where there is an unlawful restraint of a person's liberty and no adequate remedy at law." *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004–Ohio–1980, 806 N.E.2d 992, ¶ 8. "If an issue raised in a petition for a writ of habeas corpus could have been raised on direct appeal or in a petition for post-conviction relief, the petition for a writ of habeas corpus will be denied." *Garrett v. Wilson*, 5th Dist. No. 07–CA–60, 2007–Ohio–4853, ¶ 9.

**{¶8}** "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104, 108 (1967). Appellant could have raised the lack of a valid parole violation holder and its effect on his speedy trial rights on direct appeal, and is therefore barred by res judicata from raising the issue in a habeas corpus proceeding. As noted by the trial court, Appellant raised this same issue in a 2012 motion for relief for judgment in the Summit County Court of Common Pleas, which denied the motion because the issue could have been raised on direct appeal.

**{¶9}** The first assignment of error is overruled.

II.

**{¶10}** In his second assignment of error, Appellant argues the trial court considered material outside the pleadings in ruling on Appellee's motion to dismiss, and thereby improperly converted a Civ. R. 12(B)(6) motion to dismiss to a summary judgment motion.

**{¶11}** Appellant attached numerous documents to his petition, including the docket from his case in Summit County. Documents attached to the complaint can be considered by the trial court in analyzing a motion to dismiss for failure to state a claim. *Modern Office Methods, Inc. v. Ohio State Univ.*, 10th Dist. No. 11AP-1012, 2012-Ohio-3587, 975 N.E.2d 523. Further, a court may take judicial notice of a finding of another court in an unrelated case. *In re Adoption of M.G.B.-E.,* 154 Ohio St.3d 17, 2018-Ohio-1787, 110 N.E.3d 1236. We find the trial court did not err in considering the documents attached to Appellant's petition and in considering findings of other courts which have ruled on Appellant's case in ruling on Appellee's motion to dismiss.

**{¶12}** The second assignment of error is overruled.

III.

**{¶13}** In his third assignment of error, Appellant argues the trial court erred in dismissing his petition because his sentence is void due to fraud on the court concerning the existence of a parole violation holder.

**{¶14}** Appellant's petition did not demonstrate fraud on the court, but rather alleged the trial court erred in proceeding without first determining whether the alleged parole violation holder was valid. We find the claim raised in Appellant's petition is a violation of his speedy trial rights, which does not render his sentence void.

**{¶15}** The third assignment of error is overruled.

IV.

**{¶16}** Appellant argues the trial court erred in not waiving court costs in this case, or in the alternative ordering him to perform community service as a method to pay off the costs pursuant to R.C. 2947.23(A)(1).

**{¶17}** R.C. 2947.23(A)(1) provides:

(A)(1)(a) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. If the judge or magistrate imposes a community control sanction or other nonresidential sanction, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

**{¶18}** A writ of habeas corpus is a civil proceeding. *See, e.g., Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶ 7. R.C. 2947.23(A)(1) by its express terms applies to the costs of prosecution in criminal cases. Further, the statute provides for a defendant to perform community service to pay court costs if the judge imposes a community control sanction or other nonresidential sanction. In the instant case, Appellant is serving a residential sanction. We find the trial court did not err in its imposition of court costs.

**{¶19}** The fourth assignment of error is overruled.

**{¶20}** The judgment of the Richland County Common Pleas Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur