[Cite as *Cotten v. Handwerk*, 2024-Ohio-814.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Prince Charles Cotten, Sr., | : | |
| Petitioner, | : | |
| v. | : | No. 23AP-656 |
| Alicia M. Handwerk, Chairperson Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on March 7, 2024

**On brief:** *Prince Charles Cotten*, *Sr.*, pro se.

**On brief:** *Dave Yost*, Attorney General, for respondents.

IN PROHIBITION
ON SUA SPONTE DISMISSAL

BEATTY BLUNT, J.

{¶ 1} Petitioner, Prince Charles Cotten, Sr., has filed this original action seeking a writ of prohibition against respondent, Alicia M. Handwerk, whom petitioner has identified as "Chairperson Ohio Adult Parole Authority."

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. The magistrate considered the action on its merits and issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate concluded that the petitioner's complaint was facially defective, and recommended this court dismiss relator's action sua sponte.

{¶ 3} No objections have been filed to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that

there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).

{¶ 4} Upon review, we have found no error in the magistrate's findings of fact or conclusions of law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and the conclusions of law therein, and conclude that petitioner has not shown he is entitled to either a writ of mandamus or a writ of procedendo, and his action must be dismissed.

*Writ of prohibition dismissed.*

DORRIAN and EDELSTEIN, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Prince Charles Cotten, Sr., | : | |
| Petitioner, | : | |
| v. | : | No.  23AP-656 |
| | : | |
| Alicia M. Handwerk Chairperson, | | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, | : | |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 2, 2023

*Prince Charles Cotten, Sr.,* pro se.

*Dave Yost,* Attorney General, for respondent.

IN PROHIBITION
ON SUA SPONTE DISMISSAL

{¶ 5}   Petitioner, Prince Charles Cotten, Sr.,[1] has filed this original action seeking a writ of prohibition against respondent, Alicia M. Handwerk, whom petitioner has listed as "Chairperson Ohio Adult Parole Authority."[2]

---

[1] The Supreme Court of Ohio has noted that unlike actions in mandamus, there is no "statutory [captioning] requirement for prohibition cases, and we have not implied one." *Rosen v. Celebrezze,* 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 16 (finding that "the court of appeals erred in holding that [the complainant's] prohibition complaint was defective and subject to dismissal because it was not captioned in the name of the state on his relation"). *See Ashley v. Kevin O'Brien & Assocs. Co., L.P.A.,* 10th Dist. No. 20AP-354, 2022-Ohio-24, ¶ 11.
[2] Petitioner states that he seeks a "WRIT OF PROHIBTION Against Ohio's State Agency." (Petition at 1.)

## I. Findings of Fact

{¶ 6}     1. At the time of the filing of this mandamus action, petitioner was an inmate incarcerated at the Marion Correctional Institution ("MCI") in Marion, Ohio.

{¶ 7}     2. Prior to the filing of this original action, petitioner filed two federal habeas corpus actions on February 1, 2019 and March 13, 2020 in the United States District Court for the Northern District of Ohio. *See In re: Charles Cotten, Sr.*, N.D. Ohio No. 1:19-cv-00243 ("Case No. 1:19-cv-00243"); *In re: Charles Cotten, Sr.*, N.D. Ohio No. 1:20-cv-00565 ("Case No. 1:20 cv-00565").[3]

{¶ 8}     3. Before filing this original action, petitioner also filed an action in mandamus in this court on February 13, 2023 in *Cotten v. Chambers-Smith*, 10th Dist. No. 23AP-100 ("Case No. 23AP-100").[4]

{¶ 9}     4. On October 30, 2023, petitioner filed in the instant case a petition seeking a writ of prohibition.

{¶ 10}     5. In his petition, petitioner states the following:

> The United States Supreme Court Ruled: "That Ohio's Sentencing Statute was UNCONSTITUTIONAL ON ITS FACE, CONTRARY TO LAW."
>
> * * *
>
> The Ohio General Assembly Repealed all of Ohio's Old Aggravated Statutes and Replaced them with Senate Bill II.
>
> * * *
>
> When the Statute has been Ruled "UNCONSTITUTIONAL ON ITS FACE, CONTRARY TO LAW." There is "No Statute," "There is "No Conviction," There is "No Sentence," There is "No Authority," for the Ohio Adult Parole Authority, to make a determination concerning a "Fraudulent Judgment Or Order," as alleged! a "Bogus Invalid Judgment By The Ohio Supreme Court." When there is "No Statute," There is "No Conviction," There is "No Sentence," and there is "No

---

[3] The magistrate takes judicial notice of the docket in Case No. 1:19-cv-00243 and Case No. 1:20-cv-00565. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18 (finding in a writ action that a court may take judicial notice of facts not subject to reasonable dispute); Evid.R. 201(B). The magistrate notes that the name and inmate number listed by the petitioner in both federal habeas corpus actions are identical to those of petitioner in this action. Case No. 1:19-cv-00243 was transferred to the United States Court of Appeals for the Sixth Circuit on June 28, 2019; Case No. 1:20 cv-00565 was transferred to the United States Court of Appeals for the Sixth Circuit on July 31, 2020.

[4] The magistrate takes judicial notice of the docket in Case No. 23AP-100. The magistrate notes that the name and inmate number listed by the complainant in Case No. 23AP-100 are identical to those of petitioner in this action.

Authority," for the Ohio Adult Parole Authority, to make a Decision on, as presented before this Court, as sought in this WRIT OF PROHIBTITION.

(Sic passim.) (Petition at 2.)

{¶ 11} 6. In an affidavit attached to his petition, petitioner states the following:

(1) Petitioner have a Substantial Federal And State Constitutional Right to Redress the Government concerning his Illegally Detention, not to be Held Illegally. (2) Petitioner have a Substantial Federal And State Constitutional Rights to Due Process of the Law based on the Fifth Amendment Right, not to be Held on a Statute that the Supreme Court of the United States Ruled Contrary to Law, Unconstitutional On Its Face. (3) Petitioner have a Substantial Federal And State Constitutional Right against Cruel And Unusual Punishment based on the Eighth Amendment, not to be Confined on a Statute that the Ohio General Assembly have Repealed. And (4) Petitioner have a Substantial Federal And State Constitutional Rights to the State Due: Process And the Equal Protection of the Law within this Court's Jurisdiction, based on the Fourteenth Amendment Rights not to be Restrained on a Statute that the Supreme Court of the United States Ruled Contrary to Law, Unconstitutional On Its Face, and Repealed by the Ohio State's General Assembly, for which is ever PRAYED.

(Sic passim.) (Petition at 16.)

## II. Discussion and Conclusions of Law

{¶ 12} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 13} Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5. R.C. 2969.21 defines what actions and appeals constitute a "civil action or appeal against a government entity or employee" for purposes of R.C. 2969.25 as follows:

(1) "Civil action or appeal against a government entity or employee" means any of the following:

(a) A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court;

(b) An appeal of the judgment or order in a civil action of the type described in division (B)(1)(a) of this section that an inmate files in a court of appeals.

(2) "Civil action or appeal against a governmental entity or employee" does not include any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court of claims or the supreme court or an appeal of the judgment or order entered by the court of claims in a civil action of that nature, that an inmate files in a court of appeals or the supreme court.

R.C. 2969.21(B).

{¶ 14} Substantial compliance with the requirements of R.C. 2969.25(A) and (C) is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint be cured at a later date. *State ex rel. Swopes v. McCormick*, ___ Ohio St.3d. ___,

2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint for failing to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrew*s, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 15} Because this original action in prohibition is a civil action against the state or an employee of the state, the inmate filing requirements in R.C. 2969.25(A) apply. *Fuqua* at ¶ 7 (stating that "under Ohio law, state writ actions are civil actions."). Petitioner has not satisfied the requirements of R.C. 2969.25(A) in this case. Petitioner has failed to list in his affidavit a prior action in mandamus he filed in this court on February 13, 2023 in Case No. 23AP-100. *See State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, ¶ 3 (stating that a "mandamus case is a civil case for purposes of R.C. 2969.21(B)(1)(a), which addresses inmate actions against government entities"); *State ex rel. Bey v. [Ohio] Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 10, *aff'd* 166 Ohio St.3d 497, 2022-Ohio-236; *Fuqua* at ¶ 7. Because petitioner has failed to list this prior mandamus action filed in the previous five years, his petition is subject to dismissal for failure to comply with R.C. 2969.25(A). *Westerfield v. Bracy*, ___ Ohio St.3d ___, 2023-Ohio-499, ¶ 9 (stating that "[a]n affidavit that lists some, but not all, prior actions does not comply with R.C. 2969.25(A)").

{¶ 16} Additionally, petitioner has failed to list at least two federal habeas corpus actions filed within the previous five years. Case No. 1:19-cv-00243, a federal habeas corpus action, was filed by petitioner on February 1, 2019; Case No. 1:20 cv-00565, another federal habeas corpus action, was filed by petitioner on March 13, 2020. As an original action seeking a writ of habeas corpus is civil in nature, habeas corpus actions and appeals from such actions filed within the previous years must be listed in an inmate affidavit in

compliance with R.C. 2969.25(A). *See Fuqua* at paragraph one of the syllabus ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action."). Failing to fully comply with R.C. 2969.25(A) in describing a habeas corpus action or appeals from such actions filed in the previous five years is grounds for dismissal. *See Westerfield* at ¶ 8-10 (affirming dismissal of habeas corpus action where inmate affidavit failed to name the parties or reveal the outcomes of cases including a prior habeas corpus action and where affidavit failed to list two other federal habeas corpus actions filed within the prior five years). As petitioner failed to list his federal habeas corpus actions filed within the previous five years, his petition is subject to dismissal under R.C. 2969.25(A).

{¶ 17} Because petitioner has failed to fully comply with R.C. 2969.25(A) in describing the civil actions he brought within the previous five years, petitioner's petition must be dismissed. *Westerfield* at ¶ 10; *McGlown*, 2015-Ohio-1554, at ¶ 9. Finally, although the petition must be dismissed for failing to comply with the requirements of R.C. 2969.25(A), it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5. Accordingly, it is the decision and recommendation of the magistrate that petitioner's petition for a writ of prohibition should be sua sponte dismissed.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.