[Cite as *State ex rel. Williams v. Ohio Adult Parole Auth.*, 2024-Ohio-1667.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Willis Williams, | : | |
| Relator, | : | |
| v. | : | No. 23AP-541 |
| | : | (REGULAR CALENDAR) |
| Ohio Adult Parole Authority, Annette Chambers-Smith, Director, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on April 30, 2024

**On brief:** *Willis Williams*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Matthew P. Convery*, and *Andrew T. Gatti*, for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

JAMISON, J.

{¶ 1} Relator, Willis Williams, brought this original action seeking a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to conduct a new revocation hearing.

{¶ 2} Pursuant to Civ.R.53 and Loc.R.13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate who has issued a decision including findings of fact and conclusions of law and is appended hereto.

{¶ 3} Williams is an inmate incarcerated at the Marion Correctional Institution.

{¶ 4} Williams was paroled from prison in July 2017, but was accused of a parole violation in 2019. In March 2019, Williams had a parole revocation hearing and was returned to prison.

{¶ 5} On September 6, 2023, Williams filed a complaint for mandamus, requesting a new revocation hearing that complies with due process. On September 19, 2023, Williams filed a motion to amend his complaint pursuant to Civ.R. 15(A). In the motion, Williams sought to withdraw his previously filed affidavit of prior civil actions and substitute a new affidavit.

{¶ 6} On September 25, 2023, the magistrate sua sponte recommended dismissal of Williams' complaint because Williams failed to comply with the requirements of R.C. 2969.25(A). The magistrate provided notice to relator of the opportunity, under Civ.R. 53(D)(3), to object to the findings of fact and conclusions of law in the decision. Relator filed objections to the magistrate's decision on October 25, 2023.

{¶ 7} On October 5, 2023, the OAPA filed a motion to dismiss for failing to bring the action in the name of the state. On October 16, 2023, Williams filed a motion to amend his complaint to conform to R.C. 2731.04 by adding the "state ex rel." language in the caption.

{¶ 8} The purpose of a writ of mandamus is to " 'compel the performance of an act which the law specifically enjoins as a duty resulting from an office, trust or station.' " *State ex rel. Timson v. Shoemaker*, 10th Dist. No. 02AP-1037, 2003-Ohio-4703, ¶ 16, quoting *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977). "In order to be entitled to a writ of mandamus, relator must demonstrate: '(1) * * * a clear legal right to the relief prayed for; (2) that respondents are under a clear legal duty to perform the acts; and (3) that relator has no plain and adequate remedy in the ordinary course of the law.' " *Id.*, quoting *State ex rel. Harris v. Rhoades*, 54 Ohio St.2d 41, 42 (1978).

{¶ 9} Relator must establish an entitlement to extraordinary relief by clear and convincing evidence. *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 57. Clear and convincing evidence is " 'that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be

established.' " *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 10} Pursuant to Civ.R. 53(D)(4)(d), "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."

{¶ 11} Williams argues in his objections that the magistrate's decision is contrary to law, arbitrary, unreasonable, and that he has valid defenses to the decision. We disagree.

{¶ 12} R.C. 2969.25(A) requires an inmate filing a civil action to submit an affidavit listing all cases filed in the prior five years. *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533. The law requires strict compliance with the statute, and any deviation requires dismissal of the action. *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692. An inmate is not allowed to supplement the affidavit after filing. *State ex rel. Harris v. Ohio Adult Parole Auth.*, 10th Dist. No. 17AP-651, 2018-Ohio-1620.

{¶ 13} The Supreme Court of Ohio affirms "the practice of courts' sua sponte dismissing prisoner complaints" for failing to comply with the R.C. 2969.25 filing requirements. *State ex rel Parker Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19. Because the deficiency can't be cured, notice of intent to dismiss would provide Williams no recourse, and there was no error in dismissing the complaint sua sponte. *State ex rel. Jones v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 20AP-203, 2021-Ohio-133.

{¶ 14} Williams offers a printing error as the reason a case was omitted from his affidavit. Williams filed an amended affidavit which included the omitted case, and thus concedes the original affidavit was deficient. However, Civ.R. 15 does not provide a means of escape to an inmate who failed to comply with R.C. 2969.25(A). *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d 492, 2022-Ohio-4408.

{¶ 15} After conducting a review of the magistrate's decision, an independent review of the record, and due consideration of Williams' objections, we find the magistrate properly applied the law to the facts. Accordingly, we overrule Williams' objections, and

adopt the magistrate's decision as our own, including the findings of fact and conclusions of law.  Williams' petition for writ of mandamus is hereby dismissed.

{¶ 16} Respondent's September 19, 2023 motion to dismiss is moot.  Williams' October 5, 2023 motion to amend is moot.

*Objections overruled*;
*writ of mandamus dismissed*.

MENTEL, P.J., and BOGGS, J., concur.

———————————

# APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Willis Williams, | : | |
| Relator, | : | |
| v. | : | No.  23AP-541 |
| | : | |
| Ohio Adult Parole Authority, | | (REGULAR CALENDAR) |
| Annette Chambers-Smith, Director, | : | |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on September 25, 2023

*Willis Williams*, pro se.

*Dave Yost*, Attorney General, for respondent.

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 17} Relator, Willis Williams, has filed this original action seeking a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("OAPA"), to hold a new parole revocation hearing.

## I. Findings of Fact

{¶ 18} 1. At the time of the filing of this action, relator was incarcerated at Marion Correctional Institution in Marion, Ohio.

{¶ 19} 2. OAPA is a division of the Ohio Department of Rehabilitation and Correction ("ODRC"), which is responsible for duties as provided under R.C. 5149.03.

{¶ 20} 3. Relator filed his complaint in the instant mandamus action on September 6, 2023. Attached to relator's complaint was an affidavit of prior civil actions. Relator asserted in his complaint that ODRC and OAPA were under a duty to provide him with a revocation hearing consistent with the requirements of due process. Relator alleged that OAPA violated his due process rights by "(1) denying relator rights to present mitigating evidence, (2) and by denying relator access to his legal counsel of record, (3) forcing relator to have a hearing with an attorney who knew absolutely about the case." (Sic passim.) (Compl. at 13.) Relator further alleged that he "was not given the opportunity to present any evidence, mitigating or otherwise when the [OAPA] hearing officer * * * arbitrarily denied relator [the] right to a continuance" and that he was "not given the opportunity to be represented by counsel who had knowledge about the facts of the case." (Compl. at 10.) With regard to the relief sought, relator stated:

> The relator is asking this court to compel the [OAPA] to give the relator a revocation hearing that's in compliance with the requirements set forth in Morrissey, were mitigating documents can be presented, and the Kellogg, consent decree, were the hearing officer should grant continuance when good cause is shown.

> The relator is asking this court to compel the respondent to give the relator a revocation hearing where he has the right to be represented by a lawyer who has some knowledge of the case.

(Compl. at 10.)

{¶ 21} 4. On September 19, 2023, relator filed a motion to amend his complaint pursuant to Civ.R. 15(A).[1]

## II. Discussion and Conclusions of Law

{¶ 22} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio*

---

[1] Civ.R. 15(A) provides that "[a] party may amend its pleading once *as a matter of course* within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier." (Emphasis added.) However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Civ.R. 15(A).

*Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 23} Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5. With regard to the requirements for an affidavit of indigency, the statute provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

R.C. 2969.25(C).

{¶ 24} Substantial compliance with the requirements of R.C. 2969.25(A) and (C) is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint for failing to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 25} Here, relator's original affidavit of prior civil actions is deficient in multiple respects. Most notably, in his September 19, 2023 motion to amend his complaint, relator stated that he sought to amend in order to "withdraw the 'Affidavit of Previous Filed Civil Actions' by the plaintiff and replace them in their entirety with the correct and updated version attached to this motion, titled Updated Previous Civil Actions, in order to comply with the [R.C.] 2969.25." (Sept. 19, 2023 Mot. at 1-2.) In the updated affidavit attached to the motion, relator listed a civil action not included in his original affidavit filed with the complaint, namely *Dagustino v. DeWine*, N.D.Ohio No. 3:20-CV-01375-JGC. Relator indicated this action was filed on or about June 2020. Review of the docket for this case reveals that relator was a listed plaintiff in the action, which was civil in nature and involved

a claim under 42 U.S.C. 1983.[2] Despite relator's attempt to correct the omission of this case from his original affidavit of prior civil actions and appeals, such deficiency in compliance with R.C. 2969.25(A) cannot be cured by subsequent amendment. *McCormick* at ¶ 14. Therefore, dismissal of this action is required.

{¶ 26} Furthermore, in at least one instance, relator fails to provide in his affidavit a "brief description of the nature of the civil action or appeal" as required by R.C. 2969.25(A)(1). This provides another basis for dismissal. Finally, although relator's complaint must be dismissed for failing to comply with the requirements of R.C. 2969.25(A), it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5.[3]

{¶ 27} Accordingly, it is the decision and recommendation of the magistrate that relator's complaint should be sua sponte dismissed. Relator's September 19, 2023 motion to amend his complaint is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

---

[2] In writ actions, a court may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute insofar as they affect the current original action. Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.

[3] An action for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying, and verified by affidavit." R.C. 2731.04. Where a "respondent in a mandamus action raises this R.C. 2731.04 defect [for not bringing the action in the name of the state on the relation of the person applying] and relators fail to seek leave to amend their complaint to comply with R.C. 2731.04, the mandamus action must be dismissed." *Blankenship v. Blackwell*, 103 Ohio St.3d 567, 2004-Ohio-5596, ¶ 36. *See Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 15; *Ashley v. Kevin O'Brien & Assocs. Co., L.P.A.*, 10th Dist. No. 20AP-354, 2022-Ohio-24, ¶ 10. Although not determinative here since this deficiency was not raised by OAPA and this matter is being sua sponte dismissed on other grounds, it is noted that relator filed his complaint in the instant case in his own name, as opposed to in the name of the state on his relation.

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.