DECISION AND FINAL JUDGMENT ENTRY
{¶ 1} Petitioner, Anthony W. Williams, filed a petition for a writ of habeas corpus on July 2, 2007. Williams asserted in his petition that the Xenia Police Department arrested him pursuant to an order of the Adult Parole Authority ("APA") and that he is being unlawfully held without bail, in violation of his constitutional "right to bail," in the Greene County Jail. On July 6, 2007, Respondent, Gene Fischer, the Greene County Sheriff, filed a motion to dismiss the petition for a writ of habeas corpus pursuant to Civ.R. 12(B)(6). Sheriff Fischer argued that because Williams is being held pursuant to an order of the APA, he is not entitled to bail and that Williams has, therefore, failed to state a claim upon which relief can be granted. On July 24, 2007, Williams filed his reply to Sheriff Fischer's motion to dismiss.
 {¶ 2} In order for a court to dismiss a petition for a writ of habeas corpus for failure to state a claim upon which relief can be granted, a court must find that the petitioner can prove *Page 2 
no set of facts in support of his claim which would entitle him to relief. See, e.g., State ex rel. Peoples v. Warden of T.C.I., Trumbull App. No. 2003-T-0087, 2003-Ohio-4106,]}7; see also York v. Ohio St.Highway Patrol (1991), 60 Ohio St.3d 143, 144. "Although it is true that a Civ.R. 12(B)(6) determination cannot rely on factual allegations orevidence outside the complaint, courts are free to consider memoranda, briefs, and oral arguments on legal issues in determining whether a complaint should be dismissed for failure to state a claim upon which relief can be granted, and this material is not considered to constitute matters outside the pleadings that would necessitate a summary-judgment determination." State ex rel. Scott v. City of Cleveland,112 Ohio St.3d 324, 328, 2006-Ohio-6573,]}26 (internal citations omitted) (emphasissic.)
 {¶ 3} The APA has statutory authority to arrest or have a police officer arrest individuals alleged to be in violation of their probation (community control), R.C. 2951.08, or, of their parole, R.C. 2967.15. Williams attached to his petition for a writ of habeas corpus an "Order of Hold" that stated "[i]n accordance with 2951.08 or 2967.15 of the Revised Code, please commit and hold in custody Anthony Williams an offender under supervision of the Adult Parole Authority until released by the undersigned." Williams's petition notes that he was arrested for "an alleged technical violation" but fails to inform us whether the APA was supervising his probation or his parole. However, Sheriff Fischer's motion to dismiss states that Williams "is being held on an Order of Hold by the Adult Parole Authority, pursuant to R.C. 2967.15," the statute relating to alleged parole violations. In his response to the motion to dismiss, Williams neither contested the applicability of R.C.2967.15 to his situation nor did he allege that some other statute applied to him. He instead, essentially restated the legal argument found in his petition that it is unconstitutional to hold him without bail and argued that "nowhere in Ohio Revised Code 2967 does it stateWITHOUT BOND." Accordingly, we *Page 3 
will address the legal issue surrounding Williams's constitutional arguments regarding the availability of bail following an arrest for an alleged parole violation pursuant to R.C. 2967.15.
 {¶ 4} Williams's argument in support of bail pending a parole revocation hearing fails because R.C. 2967.15 does not require bail, a parole revocation proceeding is administrative and not criminal in nature, and, contrary to Williams's core argument, the denial of bail pending a parole revocation proceeding does not violate either the Ohio or the federal constitution.
 {¶ 5} As to whether bail is required pending a parole revocation hearing, R.C. 2967.15(A) states that "[i]f an adult parole authority field officer has reasonable cause to believe that a person who is a parolee * * * who is under the supervision of the adult parole authority has violated or is violating the condition of a conditional pardon, parole, other form of authorized release, transitional control, or post-release control * * * or any other term or condition of the person's conditional pardon, parole, other form of authorized release, transitional control, or post release control, the field officer may arrest the person without a warrant or order a peace officer to arrest the person without a warrant. A person so arrested shall be confined in the jail of the county in which the person is arrested * * * until adetermination is made regarding the person's release status." (Emphasis added.) Hence, the statute clearly states that an alleged parole violator, such as Williams, is to be held until his status can be determined by the APA. Bail is not contemplated by the statute. In fact, the word bail does not appear in R.C. 2967.15.
 {¶ 6} Bail is not contemplated by R.C. 2967.15 because a parole revocation proceeding is not criminal in nature. The APA, in making the alleged parole violator's status determination "shall grant the person a hearing in accordance with rules adopted by the department of rehabilitation and correction under Chapter 119. of the Revised Code." R.C. *Page 4 2967.15(B). Thus, a parole revocation hearing, such as that scheduled for Williams on July 19, 2007, is held pursuant to that portion of the Revised Code applicable to administrative procedures, Chapter 119. But, the General Assembly defined bail as "security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave." R.C. 2937.22. Therefore, while bail may be an issue when a person is accused of a criminal charge to secure that person's appearance in court, it is wholly inapplicable in Williams's situation as an alleged parole violator.
 {¶ 7} As to Williams's argument that this denial of bail is unconstitutional, the case of Wilson v. State (1995),101 Ohio App.3d 487, 655 N.E.2d 1348, appeal not allowed, 72 Ohio St.3d 1538,650 N.E.2d 479, presented a similar situation to the matter now before us. InWilson, an inmate who had been released on parole and was later arrested for a violation of the conditions of his parole "was not given an opportunity to seek release on bail pending the outcome of his parole revocation proceedings, because Ohio law makes no provision for bail in connection with parole revocation proceedings." Id. at 489-90, citing R.C. 2967.15. The inmate in Wilson sought declaratory judgment that, among other things, "the lack of an opportunity for bail in connection with parole revocation proceedings violated his rights under theEighth Amendment to the United States Constitution, the Ohio Constitution's bail provision and the Due Process and Equal Protection Clauses of theFourteenth Amendment to the United States Constitution." Id. at 490. TheWilson trial court granted the state's motion to dismiss brought pursuant to Civ. R. 12(B)(6). Id. at 490, 493. On appeal, the appeals court found that the inmate had not proven R.C. 2967.15 to be unconstitutional under any of the several theories argued by the inmate and upheld the trial court's decision. Id. at *Page 5 
493. Hence, it is constitutional to deny a person bail pending a parole revocation proceeding.
 {¶ 8} Williams makes essentially the same arguments presented by the inmate in Wilson, that he has a right to bail "guaranteed by both the Ohio Constitution and the United States Constitution." His petition fails for the same reasoning as that found in Wilson. There is no right to bail when arrested for an alleged parole violation. The very premise upon which Williams based his petition for a writ of habeas corpus is without merit and the petition for a writ of habeas corpus does not state a claim upon which relief can be granted.
 {¶ 9} Finally, we note that Williams did not comply with R.C.2969.25(A). R.C. 2969.25(A) states that "[a]t the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." R.C. 2969.25(A) applies to habeas corpus actions.Fuqua v. Williams, 100 Ohio St.3d 211, 2003-Ohio-5533, syllabus. Though Williams had been a parolee prior to his arrest by the Xenia Police and incarceration in the Greene County Jail, he was an inmate at the time he filed his petition because he was "in actual confinement * * * in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail * * *." R.C. 2969.21(D). The filing of the affidavit is required and failure to do so subjects a petition for a writ of habeas corpus to dismissal. See Fortson v. Bradshaw,109 Ohio St.3d 250, 252, 2006-Ohio-2291, ¶ 12.
 {¶ 10} Based upon the foregoing, Respondent's motion to dismiss is SUSTAINED, the petition for a writ of habeas corpus is DENIED, and this matter is DISMISSED.
 SO ORDERED. *Page 6 
 JAMES A. BROGAN, Judge, MIKE FAIN, Judge.
 *Page 1