[Cite as *State ex rel. Guthrie v. Chambers-Smith, Dir., Ohio Dept. of Rehab. & Corr.*, 2022-Ohio-390.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State of Ohio ex rel. Russell Guthrie et al., | : | |
| Relators, | : | |
| v. | : | No. 21AP-476 |
| Annette Chambers-Smith, Director, Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent]. | : | |

D E C I S I O N

Rendered on February 10, 2022

**On brief:** *Russell Guthrie* and *Darryl Smith*, pro se.

**On brief:** *Dave Yost*, Attorney General, *William Case*, and *George Horvath,* for respondent.

IN MANDAMUS

DORRIAN, J.

{¶ 1} In this original action, relators Russell Guthrie and Darryl Smith request a writ of mandamus ordering respondent Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction to comply with Ohio laws and regulations governing prison administration.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court sua sponte dismiss relators' complaint.

{¶ 3} No party has filed objections to the magistrate's decision. The case is now before this court for review.

{¶ 4}   It is important to note that the magistrate here recommends sua sponte dismissal on the grounds that relators have not met the criteria set forth in R.C. 2969.25(A) because relators' affidavit was not notarized[1] and the description of prior civil cases was not sufficient. The magistrate does not recommend dismissal based on the grounds set forth in respondent's motion to dismiss.  Likewise, we do not dismiss this case on the grounds set forth in respondent's motion to dismiss.  Accordingly, we find respondent's motion to dismiss to be moot.

{¶ 5}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein. Accordingly, relators' request for a writ of mandamus is sua sponte dismissed. Respondent's motion to dismiss is rendered moot.

*Action dismissed.*

LUPER SCHUSTER, P.J., and SADLER, J., concur.

———————————

[1] Both affidavits of relator Guthrie and relator Smith state "no notary available."

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Russell Guthrie et al., | : | |
| Relators, | : | |
| v. | : | No. 21AP-476 |
| Anette Chambers-Smith, Director of The Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

Rendered on November 17, 2021

*Russell Guthrie* and *Darryl Smith,* pro se.

*Dave Yost,* Attorney General, *William Case,* and *George Horvath*, for respondent.

## ON SUA SPONTE DISMISSAL

**{¶ 6}**   Relators Russel Guthrie and Darryl Smith seek a writ of mandamus ordering respondent, Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), to comply with Ohio laws and regulations governing prison administration. For the reasons that follow, the magistrate recommends sua sponte dismissal of the complaint.

<u>Findings of fact</u>:

**{¶ 7}**   1.  Relators are inmates in the custody of ODRC.

{¶ 8}   2.   Relators filed their complaint in mandamus on September 23, 2021, seeking compliance with Ohio Adm.Code 5120-9-14 relating to their conditions of incarceration.

{¶ 9}   3. Relators' complaint includes an R.C. 2969.25(A) statement for each setting forth a list of civil actions filed in all venues in the previous five years. Neither statement is notarized.

{¶ 10}   For Smith, the statement lists five cases.  Two of these are incompletely described.  One case in the Ohio Court of Claims lacks a case number, description of the nature of the action, and a date of filing. Another, a habeas action in the Fifth District, lacks a case number.

{¶ 11}   For Guthrie, the statement lists five cases.  A case in the Court of Claims lacks a case number, date of filing, and description of the nature of the action. A mandamus action in this court, case No. 21AP-335, gives no information of the nature of the case beyond the fact that it is an action in mandamus.  This case is also noted as "transferred," but provides no information as to the original venue of filing.

{¶ 12}   4. Respondent moved on October 21, 2021 for an extension of time to respond or plead. The magistrate granted this motion by order of October 25, 2021.

{¶ 13}   5. Relator Smith moved on October 29, 2021 to amend the complaint with additional factual allegations.

{¶ 14}   6. Respondent filed a motion to dismiss for failure to state a claim on November 12, 2021.

Discussion and Conclusions of law:

{¶ 15}   R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he has filed in the past five years. R.C. 2969.25(A)(1) through (4) provides as follows:

> At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:

(1) A brief description of the nature of the civil action or appeal;

(2) The case name, case number, and the court in which the civil action or appeal was brought;

(3) The name of each party to the civil action or appeal;

(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

{¶ 16} Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). R.C. 2969.25 requires strict compliance, *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6, and nothing in R.C. 2969.25 contemplates mere substantial compliance. *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 10th Dist. No. 01AP-1380, 2002-Ohio-1621. Furthermore, a failure to comply with R.C. 2969.25 cannot be cured after the fact by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9.

{¶ 17} R.C. 2969.25(A) specifies that the requisite information shall be submitted in affidavit form. R.C. 2319.02 defines an affidavit as a "written declaration under oath, made without notice to the adverse party." In order to constitute a valid affidavit, the statement must be both signed by the affiant and notarized. *Rarden v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 12AP-225, 2012-Ohio-5667. Under similar circumstances, the Supreme Court of Ohio has stated that if a "relator's statement is not notarized, it does not meet the requirements of an affidavit of indigency [under R.C. 2969.25(C)] and therefore is not sufficient for waiver of the docket fee." *Rudd v. Graham*, 74 Ohio St.3d 1506 (1996); *see also State v. Cannon*, 87 Ohio St.3d 1484 (2000); *Williams v. Mansfield Corr. Inst.*, 10th Dist. No. 99AP-1208 (Feb. 10, 2000). Relators' statements supplied in attempted

compliance with the inmate filing requirements are not notarized as required by R.C. 2319.02 and, therefore, do not comply with the mandatory filing requirements set forth in R.C. 2969.25(A). *State ex rel. Ely v. Wilkinson*, 10th Dist. No. 05AP-322, 2005-Ohio-4574, ¶ 3.

{¶ 18} Moreover, relators' statements as described above do not furnish all the information required by R.C. 2969.25(A). Some of the listed cases omit basic information such as case numbers or date of filing. Another is listed as a mandamus action, but provides no further description. More is needed:

> Although relator indicated in the affidavit that the prior action was a "[w]rit of mandamus," such does not comply with the requirement in R.C. 2969.25(A)(1) that the affidavit contain a brief description of the nature of the civil action. *See State ex rel. Bey v. [Ohio] Bur. of Sentence Computation*, 10th Dist. No. 19AP-46, 2021-Ohio-70, ¶ 6-11 (dismissal of mandamus action appropriate when the affidavit indicated the general type of action filed in most of the cases, e.g., original action in mandamus or writ of habeas corpus, but it did not actually describe the nature of the actions, such as describing that the cases are original actions in mandamus to compel compliance with a public records request or to compel the judge to vacate relator's guilty pleas to the offense of murder). Relator's affidavit fails to actually describe the nature of the action, beyond the general description of "[w]rit of mandamus." This vague description is insufficient to comply with R.C. 2969.25(A) under the court's holding in *Bey*.

*State ex rel. Battigaglia v. Bur. of Sentence Computation*, 10th Dist. No. 20AP-520, 2021-Ohio-3008, ¶ 7.

{¶ 19} Accordingly, it is the magistrate's decision and recommendation that, based on relators' failure to comply with the mandatory filing requirements of R.C. 2969.25(A), this court should sua sponte dismiss the complaint. Relator Smith's motion to amend the complaint and respondent's motion to dismiss under Civ.R. 12(B)(6) are rendered moot.

/S/MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).