[Cite as *State ex rel. Rohrig v. Turner*, 2023-Ohio-4279.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Kyle Rohrig, | : | |
| Petitioner, | : | |
| v. | : | No. 23AP-452 |
| Major Mychel Tu[r]ner (Individual and Official Capacity of Head of FCCCII), | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

D E C I S I O N

Rendered on November 21, 2023

**On brief:** *Kyle Rohrig*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, for respondent.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

MENTEL, J.

{¶ 1} Petitioner, Kyle Rohrig, filed this original action requesting that this court issue a writ of habeas corpus. Major Mychel Turner, individually and in his official capacity as facility commander of Franklin County Correctional Center II, were named as respondents in this case.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred the matter to a magistrate of this court. On August 24, 2023, the magistrate issued the appended decision. The magistrate's decision included findings of fact and conclusions of law and recommended that we sua sponte dismiss petitioner's complaint for a writ of habeas corpus. The magistrate found that the petitioner: (1) failed to file commitment papers with his petition, pursuant to R.C. 2725.04(D); (2) failed to file an

affidavit seeking a waiver of the filing fee, affidavit of indigency, or statement of the balance in the inmate's account as required under R.C. 2969.25(C); (3) failed to comply with R.C. 2969.25(A), which requires an inmate to attach an affidavit listing all state and federal civil actions and appeals of civil actions that they have filed in the previous five years; and (4) failed to verify his complaint for a writ of habeas corpus as required under R.C. 2725.04.

{¶ 3} Relator has not filed any objections to the magistrate's decision. Pursuant to Civ.R. 53(D)(4)(c), "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless [the court] determines that there is an error of law or other defect evident on the face of the magistrate's decision." Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including findings of fact and conclusions of law. In accordance with the magistrate's decision, we sua sponte dismiss petitioner's complaint for a writ of habeas corpus.

*Petition for writ of habeas corpus dismissed.*

BEATTY BLUNT, P.J. and JAMISON, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [State ex rel.] Kyle Rohrig, | : | |
| Petitioner, | : | |
| v. | : | No. 23AP-452 |
| Major Mychel Tu[r]ner (Individual and Official Capacity as Head of FCCCII), | : | (REGULAR CALENDAR) |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 24, 2023

*Kyle Rohrig*, pro se.

*G. Gary Tyack,* Prosecuting Attorney, for respondent.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

{¶ 4}   Petitioner, Kyle Rohrig, has filed this original action requesting that this court issue a writ of habeas corpus, naming Major Mychel Turner as respondent.

Findings of Fact:

{¶ 5}   1. In his petition, petitioner alleges he is an inmate in the custody of Franklin County Correctional Center II ("FCCCII"), which is a correctional facility operated by Franklin County and located in Columbus, Ohio.

{¶ 6}   2. Respondent Turner is the facility commander at FCCCII.

{¶ 7}   3. On July 25, 2023, petitioner filed his petition for a writ of habeas corpus. In his petition, petitioner alleges that he is being unlawfully restrained of his liberty and is entitled to immediate release because he was not legally or lawfully found guilty.

Conclusions of Law:

{¶ 8}   The magistrate recommends that this court sua sponte dismiss this action.

{¶ 9}   A writ of habeas corpus is an extraordinary remedy that is appropriate only when the petitioner is entitled to immediate release from confinement. *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188 (1995). In order to be entitled to a writ of habeas corpus, petitioner must show that he is being unlawfully restrained of his liberty under R.C. 2725.01 and that he is entitled to immediate release from his imprisonment. *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, ¶ 10. A writ of habeas corpus is available only when there is no adequate remedy in the ordinary course of the law. *Steele v. Harris*, 161 Ohio St.3d 407, 2020-Ohio-5480,¶ 13.

{¶ 10} R.C. Chapter 2725 prescribes a basic, summary procedure for bringing a habeas action. Application is by petition that contains certain information. *Pegan v. Crawmer*, 73 Ohio St.3d 607, 608-09 (1995), citing R.C. 2725.04. If the court decides that the petition states a facially valid claim, it must allow the writ. *Id.*, citing R.C. 2725.06. Conversely, if the petition states a claim for which habeas corpus relief cannot be granted, the court should not allow the writ and should dismiss the petition. *Id.* If the court allows the writ, the clerk issues it, and service may be made by a sheriff or other person deputized by the court. *Id.*, citing R.C. 2725.07 and 2725.11. Issuing the writ means only that a return is ordered and a hearing will be held. *Id.*, citing *Hammond v. Dallman*, 63 Ohio St.3d 666, 668 (1992), fn. 7.

{¶ 11}  In the present case, after a review of petitioner's petition, the magistrate finds it fails to comply with several requirements, requiring dismissal. A petitioner filing a writ of habeas corpus must file commitment papers with his petition, as required by R.C. 2725.04(D). These papers must be included with the petition and noncompliance is fatal to a habeas claim. *Day v. Wilson*, 116 Ohio St.3d 566, 2008-Ohio-82. It is well-established that a petitioner must strictly comply with the requirements for filing a petition for habeas corpus and the failure to do so is grounds for dismissal. *State ex rel. Swanson v. Ohio Dept.*

*of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271. Compliance is mandatory and cannot be cured after filing. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 2; *Boyd v. Money*, 82 Ohio St.3d 388 (1998).

{¶ 12} The Supreme Court of Ohio has acknowledged the necessity and importance of these papers:

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers*, 65 Ohio St.3d 145, 146 (1992).

{¶ 13} In the present case, petitioner has not included any commitment papers. Without them, it is not possible to conduct a preliminary evaluation of the nature of his claim. A court may sua sponte dismiss a petition for writ of habeas corpus when it does not contain " 'a facially valid claim.' " *State v. Troupe*, 8th Dist. No. 109471, 2020-Ohio-931, quoting *Al'Shahid v. Cook*, 144 Ohio St.3d 15, 2015-Ohio-2079, ¶ 7. The failure to comply with the barest procedural requirements of R.C. 2725.04, means a petitioner has not presented a facially valid claim. *Id.*, citing *In re Evans*, 8th Dist. No. 108316, 2019-Ohio-1129, ¶ 10. Here, petitioner has failed to comply with the requirements of R.C. 2725.04(D). Therefore, petitioner's original action for a writ of habeas corpus must be dismissed on this basis.

{¶ 14} In addition, petitioner failed to comply with R.C. 2969.25(C). R.C. 2969.25(C) provides that if an inmate who is filing a civil action against a governmental employee seeks a waiver of the filing fee, then the inmate must file an affidavit stating that he or she is seeking a waiver of the fee and an affidavit of indigency. The affidavit must contain a statement of the balance in the inmate's account. *Id.* This requirement applies to habeas corpus actions filed in a court of appeals. *Dunkle v. Hill*, 165 Ohio St.3d 580, 2021-Ohio-3835, ¶ 6, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 6. Failure to comply with R.C. 2969.25 is a ground for dismissal. *Id.*, citing *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421, 422 (1998).

{¶ 15} Here, petitioner did not file an affidavit seeking a waiver of the filing fee, affidavit of indigency, or statement of the balance in the inmate's account. Thus, if petitioner did not request a waiver of the filing fee, he was not required to file a certified statement of his account balance. *See Dunkle* at ¶ 7. However, if petitioner did not seek a waiver of the filing fee and should have paid the filing fee, then his complaint is subject to dismissal for nonpayment of the fee. *See id.*, citing *State ex rel. Hairston v. State*, 10th Dist. No. 17AP-501, 2018-Ohio-104, ¶ 9, 15-19 (recommending that a habeas petition be dismissed because the petitioner neither paid the filing fee nor filed a motion to proceed in forma pauperis with supporting documentation); *Wilson v. Miller*, 7th Dist. No. 12 BE 6, 2012-Ohio-1303, ¶ 13 (dismissing a habeas petition because the petitioner had neither paid the filing fee nor attached the necessary documentation to request a waiver of the fee).

{¶ 16} In addition, petitioner failed to comply with R.C. 2969.25(A), which requires an inmate who files a habeas corpus petition in a court of appeals to attach an affidavit listing all state and federal civil actions and appeals of civil actions that the petitioner has filed in the previous five years. When an inmate fails to comply with R.C. 2969.25(A), the petition must be dismissed. *Dunkle,* 2021-Ohio-3835, at ¶ 9, citing *State ex rel. Ware v. Pureval*, 160 Ohio St.3d 387, 2020-Ohio-4024, ¶ 5. Petitioner here has failed to attach an affidavit of prior civil actions.

{¶ 17} Petitioner's habeas complaint also is not verified, which is required under R.C. 2725.04. The failure to verify a complaint for a writ of habeas corpus is a ground for dismissal. *Dunkle* at ¶ 8, citing *State ex rel. Ranzy v. Coyle*, 81 Ohio St.3d 109, 110 (1998).

{¶ 18} Accordingly, based on the above reasons, it is the magistrate's decision that this court should sua sponte dismiss petitioner's complaint for writ of habeas corpus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.