[Cite as *Hayes v. Baldwin*, 2024-Ohio-2343.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sharieff Hayes, | : | |
| Petitioner, | : | No. 23AP-722 |
| v. | : | (REGULAR CALENDAR) |
| Sheriff, Dallas Baldwin, | : | |
| Respondent. | : | |
| | : | |

---

D E C I S I O N

Rendered on June 18, 2024

---

**On brief:** *Sharieff Hayes*, pro se.

---

IN HABEAS CORPUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

MENTEL, P.J.

{¶ 1} Petitioner, Sharieff Hayes, an inmate incarcerated at the Franklin County Correctional Center II, filed a petition for a writ of habeas corpus alleging that he is being unlawfully detained without bail by respondent, Dallas Baldwin, the Sheriff of Franklin County, and seeks immediate release from detention.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court. On February 23, 2024, the magistrate issued the appended decision. The magistrate's decision included findings of fact and conclusions of law and recommended that we sua sponte dismiss Hayes' complaint for a writ of habeas corpus. The magistrate concluded that Hayes (1) failed to accurately list the case names of two prior civil actions as required under R.C. 2969.25(A)(2); (2) failed to have his affidavit of prior civil action notarized in contravention of R.C. 2969.25(C); and (3) failed to comply with the mandatory requirements for commencing a habeas corpus

under R.C. 2725.04 as the petition was not verified. The magistrate provided notice to Hayes of the opportunity, under Civ.R. 53(D)(3), to object to the findings of fact and conclusions of law in the decision.

{¶ 3} On March 5, 2024, Hayes filed four objections to the magistrate's decision. Hayes contends the magistrate erred by prioritizing "procedural technicalities over the merits of the cognizable issues of law"; providing only partial evidence in the findings of fact; rendering Hayes' motion for summary judgment moot; and dismissing his petition for habus corpus without reviewing the merits. (Mar. 5, 2024 Objs. at 1-2.)

{¶ 4} As set forth in Civ.R. 53(D)(4)(d), we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." We may adopt or reject a magistrate's decision in whole or in part, with or without modification.

{¶ 5} It is well established that a court may dismiss an inmate's complaint for failing to comply with the filing requirements of R.C. 2969.25. *State ex rel Parker Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19. The documents required to comply with R.C. 2969.25 "must be filed at the time the complaint is filed"; failure to comply with the mandatory requirements at the time of filing "subjects [the] complaint to dismissal." *Hall v. Collins*, 10th Dist. No. 10AP-73, 2010-Ohio-3845, ¶ 10, citing *Brown v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-797, 2010-Ohio-872, ¶ 11. "[T]he failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 6} Upon review, Hayes fails to adequately address the grounds on which the magistrate recommended sua sponte dismissal of this action. While Hayes restates his prior argument regarding purported issues with notarizing his affidavit, we agree with the magistrate that Hayes does not seek relief on this basis in his petition or through the commencement of another original action such as mandamus. Moreover, Hayes fails to address the other cited reasons for noncompliance. Concerning the magistrate's findings of fact, Hayes claims are vague and fail to resolve his lack of compliance under R.C. 2969.25 or 2725.04. As noted by the magistrate, we cannot reach the merits of the petition as Hayes has failed to comply with the statutes' mandatory filing requirements. Because Hayes failed

to comply with the statutory filing requirements, we agree with the magistrate that the prior motion for summary judgment is rendered moot.

**{¶ 7}** Upon a careful review of the magistrate's decision, an independent review of the record, and due consideration of Hayes' objections, we find the magistrate properly applied the law to the facts. Accordingly, we overrule Hayes' objections, and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law. Hayes' petition for a writ of habeas corpus is hereby sua sponte dismissed.

*Objections overruled*;
*case dismissed*.

LUPER SCHUSTER and JAMISON, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Sharieff Hayes, | : | |
| Petitioner, | : | |
| v. | : | No. 23AP-722 |
| | : | |
| Sheriff, Dallas Baldwin, | | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 20, 2023

*Sharieff Hayes*, pro se.

IN HABEAS CORPUS
ON SUA SPONTE DISMISSAL

{¶ 8} Petitioner, Sharieff Hayes, has filed a pro se petition for writ of habeas corpus. In his petition, petitioner alleges he is being unlawfully detained without bail by respondent, Franklin County Sheriff Dallas Baldwin, and seeks immediate release from detention. As petitioner has failed to comply with the inmate filing requirements in R.C. 2969.25, his complaint must be dismissed.

**I. Findings of Fact**

{¶ 9} 1. Petitioner is the defendant in *State of Ohio v. Hayes*, Franklin C.P. No. 20CR-3511 ("Case No. 20CR-3511").[1] Petitioner is currently confined at the Franklin County Corrections Center II, a county jail located on Jackson Pike in Columbus, Ohio.

{¶ 10} 2. Respondent Dallas Baldwin is an elected official currently serving as Sheriff of Franklin County.

{¶ 11} 3. Earlier this year, petitioner filed two appeals from Case No. 20CR-3511 to this court. In both cases, this court dismissed petitioner's appeals for lack of a final appealable order. *State of Ohio v. Hayes*, 10th Dist. No. 23AP-481 (Aug. 10, 2023 Journal Entry of Dismissal); *State of Ohio v. Hayes*, 10th Dist. No. 23AP-536 (Sept. 12, 2023 Journal Entry of Dismissal).

{¶ 12} 4. On September 21, 2023, petitioner filed a complaint in this court requesting a writ of mandamus/procedendo in Case No. 23AP-562. In the alternative, petitioner requested a writ of habeas corpus.

{¶ 13} 5. On November 13, 2023, petitioner filed in this court a petition for writ of habeas corpus in Case No. 23AP-685.

{¶ 14} 6. On December 4, 2023, petitioner commenced this original action by filing a petition for writ of habeas corpus.

{¶ 15} 7. In his December 4, 2023 petition, petitioner states that he has "been detained without bail since my first bond hearing that was scheduled and heard with the assistance of counsel on June 28, 2023, and my most recent pro se bond hearing that was scheduled and heard on August 23, 2023." (Petition at 2.) Petitioner alleges that "[a]t the outset of my criminal case No. 20CR-3511 I had a previously set $50,000 bond * * * which I never violated as of record since trial court proceedings began in December of 2021." (Petition at 2.) Petitioner states that his "bond was revoked under the judicial discretion of presiding Judge Phipps on May 15, 2023, however, there is no journal entry of record in compliance with Franklin Cty. Gen. Div. LR 25 in support of Judge Phipps order to revoke

---

[1] A court may take judicial notice of facts not subject to reasonable dispute insofar as they affect the current original action. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18 (taking judicial notice of information presented in an unopposed motion and also available on a publicly accessible website); *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000) ("Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' "); Evid.R. 201(B). Based on the foregoing, it is appropriate in this instance to take judicial notice of the docket of the common pleas court in Case No. 20CR-3511.

my bond on May 15, 2023, or any orders denying bond/bail on June 28, 2023 nor August 23, 2023 bond hearings." (Petition at 2.) Petitioner claims his detention is unlawful based on the following:

> Denial of a reasonable bail or detention without a bail altogether violates my right to due process of the law and equal protection, and to be protected from excessive bail or cruel an unusual punishment as guaranteed by the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and Section 9, 10, and 16, Article 1 of the Ohio Constitution. Also, my current detention without bail is a contravention of Section 9, Article 1, of the Ohio Constitution, and lack of journal entries granting the order revoking my bond related May 15, 2023, and the orders denying bond reinstatement/denial of bail related to June 28, 2023 or August 23, 2023 from trial Judge Phipps in compliance with Franklin Cty. Gen. Div. LR 25 also contravenes the above-mentioned state and federal constitutions as well as O.R.C. 2937.222(A)(B), which is required in order to deny an accused person bail who is charged with a first or second degree felony and O.R.C. 2937.222(D)(1) in which a journal entry of an order denying bail would constitute a final appealable order.

(Sic passim.) (Petition at 3.)

{¶ 16} 8. Attached to the December 4, 2023 petition is a document, which is not notarized, bearing the following caption: "AFFIDAVIT OF PRIOR CIVIL ACTION." (Petition at 6.) In the document, petitioner lists his appeals from his underlying criminal matter in Case Nos. 23AP-481 and 23AP-536. Petitioner also lists the original actions filed in this court in Case Nos. 23AP-562 and 23AP-685. Furthermore, petitioner lists an affidavit of disqualification that he states was filed with the Supreme Court of Ohio. Following those descriptions, petitioner states the following: "I, Sharieff Hayes swear that these statements are sworn and true to fact." (Petition at 8.)

{¶ 17} 9. On December 6, 2023, petitioner filed a motion for supplemental pleading of injunction in which he moved to "allow the merits of the foregoing Preliminary/Mandatory Injunction, in particular paragraph 13., attached to this Motion to serve as a supplemental pleading in support of the merits on my Petition for Habeas Corpus in light of the more descriptive and detailed merits of the foregoing Injunction pertaining to the update of my criminal case No. 20CR-3511 and the issue with my attempted November 15, 2023 Amended petition." (Mot. for Supplemental Pleading of Injunction at

1.) Petitioner asserted that the motion was in accordance with Civ.R. 15(E) and that the "merits of the foregoing Injunction complaint/petition do not disrupt the status quo of my pending Habeas Corpus petition." (Mot. for Supplemental Pleading of Injunction at 1-2.)

{¶ 18} 10. On December 6, 2023, petitioner filed a document with the following caption: "Preliminary or Mandatory Injunction (PETITION FOR WRIT OF HABEAS CORPUS) * * * Preliminary or Mandatory Injunction for Immediate Release to Bail." (Supplemental Pleading at 1.) In the document, petitioner states that he "motions for merits of this injunction complaint/petition to serve as a supplemental pleading" pursuant to Civ.R. 15(E). (Supplemental Pleading at 6-7.) Petitioner states that he is unable to have his petition for habeas corpus verified because of the notary's alleged refusal. Petitioner requests the following relief in the document:

> I respectfully petition this Court to order the immediate release to bail of Plaintiff from custody of the Defendant by order of reinstating Plaintiff's previously set bond, or by order of a personal recognizance bond, considering the alleged offense pursuant to O.R.C. 2925.11 in case No. 20CR-3511, is a bailable offense and Plaintiff has a constitutional right to a bail as provided in Section 9 Article 1 of the Ohio Constitution and the Eighth Amendment of the United States Constitution, and a right to due process of the law as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Sections 10 and 16 Article 1 of the Ohio Constitution, and the further detention without bail of the Plaintiff deprives him of those rights as provided in O.R.C. 2727.02.

(Supplemental Pleading at 9.)

{¶ 19} 11. Additionally, on December 6, 2023, petitioner filed a motion for procedural order on injunction in which he sought for "the determination of the foregoing Preliminary/Mandatory Injunction" to be expedited. (Mot. for Procedural Order on Injunction at 1.)

## II. Discussion and Conclusions of Law

{¶ 20} R.C. 2969.25(A) and (C) provide procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, 170 Ohio St.3d 86, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. Compliance with the

requirements of R.C. 2969.25(A) and (C) is mandatory, and failure to comply compels dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1.

{¶ 21} Under R.C. 2969.25(A), an inmate commencing a civil action in the court of appeals must file an affidavit containing a "description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." To comply with R.C. 2969.25(A), the filed affidavit must include all of the following:

> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

R.C. 2969.25(A). *See Swanson* at ¶ 5.

{¶ 22} R.C. 2969.21 provides definitions applicable to R.C. 2969.25. R.C. 2969.21(B) defines what actions and appeals constitute a "civil action or appeal against a government entity or employee" as follows:

> (1) "Civil action or appeal against a government entity or employee" means any of the following:
>
> (a) A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court;
>
> (b) An appeal of the judgment or order in a civil action of the type described in division (B)(1)(a) of this section that an inmate files in a court of appeals.
>
> (2) "Civil action or appeal against a governmental entity or employee" does not include any civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in the court of claims or the supreme court or an appeal of the judgment or order entered by the court of claims in a civil action of that

nature, that an inmate files in a court of appeals or the supreme court.

R.C. 2969.21(B). The term "inmate" is defined under the statute as "a person who is in actual confinement in a state correctional institution or in a *county*, multicounty, municipal, municipal-county, or multicounty-municipal *jail* or workhouse or a releasee who is serving a sanction in a violation sanction center." (Emphasis added.) R.C. 2969.21(D).

{¶ 23} Substantial compliance with the requirements of R.C. 2969.25 is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4; *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, ¶ 7. Nor can a deficiency in compliance with the statutory requirements present at the time of the filing of the complaint be cured at a later date. *State ex rel. Swopes v. McCormick*, 171 Ohio St.3d. 492, 2022-Ohio-4408, ¶ 14 (stating that "*all* avenues for curing a failure to comply with R.C. 2969.25" were "expressly foreclosed") (Emphasis sic.)); *State ex rel. Young v. Clipper*, 142 Ohio St.3d 318, 2015-Ohio-1351, ¶ 9 (stating that failure to comply with the mandatory requirements of R.C. 2969.25 "is not curable by subsequent amendment" and that a "belated attempt to file an affidavit that complies with R.C. 2969.25 does not excuse the noncompliance"); *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9; *Boles* at ¶ 2. Furthermore, the Supreme Court of Ohio has held that a court does not err by sua sponte dismissing a complaint for failing to comply with the inmate filing requirements in R.C. 2969.25. *State ex rel. Bey v. Bur. of Sentence Computation*, 166 Ohio St.3d 497, 2022-Ohio-236, ¶ 19; *State ex rel. Watkins v. Andrews*, 142 Ohio St.3d 308, 2015-Ohio-1100, ¶ 8; *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 24} Here, because petitioner is in actual confinement in a county jail, petitioner is an inmate as that term is defined in R.C. 2969.21(D). *See Williams v. Fischer*, 2d Dist. Greene No. 2007-CA-55, 2007-Ohio-5878, ¶ 9, quoting R.C. 2969.21(D) (stating in a habeas corpus action that "[t]hough [the petitioner] had been a parolee prior to his arrest by the Xenia Police and incarceration in the Greene County Jail, he was an inmate at the time he filed his petition because he was 'in actual confinement * * * in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail' "); *State v. Williams*, 12th Dist. No. CA2005-11-030, 2006-Ohio-5660, ¶ 17, fn. 1 (stating that

"R.C. 2969.21(D) defines an 'inmate' as 'a person who is in actual confinement,' and specifically includes a county jail"); *State ex rel. Rohrig v. Turner*, 10th Dist. No. 23AP-452, 2023-Ohio-4279. Furthermore, this action in habeas corpus is a civil action as that term is defined in R.C. 2969.21(B). *See Fuqua* at paragraph one of the syllabus ("A habeas corpus action is a civil action and therefore the provisions of R.C. 2969.21 through 2969.27 are applicable to such action."). Although petitioner's December 6, 2023 supplemental pleading states that it seeks preliminary or mandatory injunctive relief, such pleading in actuality sounds in habeas because it seeks the "immediate release to bail of Plaintiff from custody of the Defendant by order of reinstating Plaintiff's previously set bond, or by order of a personal recognizance bond." (Supplemental Pleading at 9.) *See State ex rel. Lemmon v. Ohio Adult Parole Auth.*, 78 Ohio St.3d 186, 188 (1997) (stating that "habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison" and that "[a] contrary holding would permit inmates seeking immediate release from prison to employ mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action"). Thus, this action is a civil action under R.C. 2969.21(B). *Fuqua* at ¶ 7 (stating that "under Ohio law, state writ actions are civil actions").

{¶ 25} On September 21, 2023, prior to the filing of this habeas corpus action, petitioner filed a complaint in this court in Case No. 23AP-562 requesting a writ of mandamus/procedendo, or, in the alternative, a writ of habeas corpus.[2] On November 13, 2023, petitioner filed in this court a petition for writ of habeas corpus in Case No. 23AP-685. In his affidavit of prior civil actions filed with his petition in this matter, petitioner has failed to list the case names of these two prior civil actions. Because petitioner has failed to list the case names as required by R.C. 2969.25(A)(2), his petition is subject to dismissal. *State ex rel. Battigaglia v. Bur. of Sentence Computation*, 10th Dist. No. 20AP-520, 2021-Ohio-3008, ¶ 6 (dismissing complaint for writ of mandamus because inmate failed to "strictly comply with all the requirements of R.C. 2969.25(A)" including by failing to include the case name as required by R.C. 2969.25(A)(2)); *Taylor v. Harris*, 159 Ohio St.3d 564, 2020-Ohio-1046, ¶ 10 (finding petition for habeas corpus to be "fatally defective"

---

[2] Petitioner named the state of Ohio in the caption of his complaint in Case No. 23AP-562. Petitioner also named the Honorable Karen Phipps, judge of the Franklin County Court of Common Pleas, General Division, in the body of the complaint.

because the petitioner did not provide for each action the "*case name* and number, the court in which it was brought, and the outcome of the case" (Emphasis added.)).

{¶ 26} Additionally, petitioner's affidavit of prior civil actions was not notarized and, therefore, is defective. *See Robinson v. State*, 166 Ohio St.3d 476, 2021-Ohio-3865, ¶ 9 (finding affidavit of indigency submitted under R.C. 2969.25(C) to be defective because it was not notarized). R.C. 2319.02 defines an affidavit as a "written declaration under oath, made without notice to the adverse party." *State ex rel. Guthrie v. Chambers-Smith*, 10th Dist. No. 21AP-476, 2022-Ohio-390, ¶ 17. Although petitioner alleges in his supplemental pleading for injunctive relief that he is unable to secure the services of a notary, he does not seek relief on this basis in either his petition for habeas corpus or his supplemental pleading for injunctive relief. *See Guthrie* at ¶ 4 (dismissing mandamus action because "relators have not met the criteria set forth in R.C. 2969.25(A) because relators' affidavit was not notarized and the description of prior civil cases was not sufficient" and noting that "[b]oth affidavits of relator Guthrie and relator Smith state 'no notary available' ").

{¶ 27} Because petitioner has failed to fully comply with the inmate filing requirements in R.C. 2969.25, this action must be dismissed. *Westerfield v. Bracy*, 171 Ohio St.3d 803, 2023-Ohio-499, ¶ 10; *McGlown*, 2015-Ohio-1554, at ¶ 9. Finally, although petitioner's action must be dismissed for failing to comply with R.C. 2969.25, it is noted that "a dismissal for failure to meet the requirements of R.C. 2969.25 is *not* a dismissal on the merits." (Emphasis added.) *Watkins*, 2015-Ohio-1100, at ¶ 8, citing *Hall*, 2014-Ohio-3735, at ¶ 5. Accordingly, it is the decision and recommendation of the magistrate that this action should be dismissed sua sponte. Petitioner's December 6, 2023 motion for supplemental pleading of injunction and motion for procedural order on injunction are therefore rendered moot. Furthermore, to the extent petitioner's December 6, 2023 document captioned "Preliminary or Mandatory Injunction" is construed as a motion, such motion is rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.