**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Hayes v. Baldwin*, **Slip Opinion No. 2025-Ohio-1333.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1333

HAYES, APPELLANT, *v*. BALDWIN, SHERIFF, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Hayes v. Baldwin*, Slip Opinion No. 2025-Ohio-1333.]**

*Habeas corpus—Following conviction, any error regarding issue of pretrial bail is moot—Inmate's petition rendered moot by his subsequent conviction—Appeal dismissed.*

(No. 2024-1042—Submitted January 7, 2025—Decided April 17, 2025.)

APPEAL from the Court of Appeals for Franklin County,

No. 23AP-722, 2024-Ohio-2343.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Sharieff Hayes, appeals the judgment of the Tenth District Court of Appeals dismissing his petition for a writ of habeas corpus against appellee, Franklin County Sheriff Dallas Baldwin. The court of appeals sua sponte

dismissed Hayes's petition because he failed to comply with R.C. 2969.25(A)(2) and R.C. 2725.04. Hayes has also filed a motion to strike the sheriff's merit brief. As explained below, we deny Hayes's motion to strike and dismiss his appeal as moot.

## I. FACTS AND PROCEDURAL HISTORY

### A. The Tenth District Sua Sponte Dismissed Hayes's Petition

{¶ 2} On December 4, 2023, Hayes filed a petition for a writ of habeas corpus in the Tenth District against the sheriff, alleging that he had been unlawfully detained without bail since May 15, when the trial court revoked the $50,000 bond that had been set at the start of Hayes's criminal case. Hayes asserted that he was being detained by the sheriff at Franklin County Corrections Center II. Hayes alleged that the trial court had not entered a judgment revoking his bond and that he was thus being unlawfully detained. On January 5, 2024, Hayes filed a summary-judgment motion.

{¶ 3} On February 23, 2024, a court-of-appeals magistrate recommended that Hayes's petition be dismissed sua sponte.[1] The magistrate found that Hayes had filed previous civil actions and that in the affidavit he filed with his petition, he had listed the case numbers of those actions, the court in which the actions were

---

1. In its decision overruling Hayes's objections and adopting the magistrate's decision, the Tenth District stated: "On February 23, 2024, the magistrate issued the appended decision." 2024-Ohio-2343, ¶ 2 (10th Dist.). The certified record that was transmitted to this court by the clerk of the Court of Appeals for Franklin County includes a magistrate's decision that was filed on February 23, 2024, and the Tenth District's decision confirms that the February 23, 2024 magistrate's decision is the magistrate's decision that the Tenth District reviewed and adopted. The magistrate's findings described in this per curiam opinion are from that February 23, 2024 decision.

However, the magistrate's decision that is appended to the Tenth District's decision is dated December 20, 2023. The December 20, 2023 magistrate's decision was not included in the certified record or listed on the index of items included in the certified record that was transmitted to this court by the clerk of the Court of Appeals for Franklin County. Appending the December 20, 2023 magistrate's decision to the Tenth District's decision appears to have been a clerical error. This clerical error does not affect our ultimate determination that Hayes's appeal should be dismissed as moot. The clerk of the Court of Appeals for Franklin County is ordered to transmit to the Supreme Court Reporter of Decisions, for reporting purposes, a corrected decision that has the February 23, 2024 magistrate's decision appended. *See* Rep.Op.R. 3.3.

brought, the names of the parties to the actions, and the outcomes of the actions. No. 23AP-722, 6-7 (10th Dist. Feb. 23, 2024). However, the magistrate determined that Hayes had failed to comply with R.C. 2969.25(A)(2) because he had not provided the case names of his previous civil actions. *Id.* at 7. The magistrate determined that that failure subjected Hayes's petition to dismissal. *Id.* at 8. The magistrate further found that Hayes's affidavit of prior civil actions was not notarized, which rendered it defective and also subjected Hayes's petition to dismissal. *See id.* Additionally, the magistrate determined that Hayes had not verified his petition and had therefore failed to comply with the mandatory verification requirement set forth in R.C. 2725.04 for commencing a habeas corpus action. *Id.* at 9. The magistrate concluded that Hayes's petition must be dismissed and that dismissing the action rendered Hayes's summary-judgment motion moot. *Id.*

{¶ 4} Hayes filed objections to the magistrate's decision, asserting that the magistrate "erred in prioritizing procedural technicalities over the merits" of his petition, did not fully set forth the facts, incorrectly determined that his summary-judgment motion was moot, and erred by sua sponte dismissing his petition. Hayes argued that the court of appeals could overlook the defects in his petition identified by the magistrate.

{¶ 5} The court of appeals undertook an independent review of the objected matters and determined that Hayes had failed to comply with R.C. 2969.25 and R.C. 2725.04. 2024-Ohio-2343, ¶ 4, 6-7 (10th Dist.). The court agreed with the magistrate that it could not reach the merits of Hayes's petition because he had failed to comply with those statutes' mandatory filing requirements. *Id*. at ¶ 6. Accordingly, the court overruled Hayes's objections, adopted the magistrate's decision, and sua sponte dismissed Hayes's petition. *Id*. at ¶ 7.

**B. Appeal of the Tenth District's Judgment**

{¶ 6} Hayes now appeals the Tenth District's judgment. The certificate of service to his notice of appeal does not indicate that he served the notice on the sheriff.[2] On July 30, 2024, the clerk of courts of this court sent a letter to Ohio Attorney General Dave Yost, stating that the electronic record had been filed in this case.

{¶ 7} On October 21, an assistant prosecuting attorney with the Franklin County Prosecutor's Office filed (1) a notice of appearance as counsel of record for the sheriff and (2) a merit brief on behalf of the sheriff. The sheriff argues in his merit brief that the court should affirm the Tenth District's judgment dismissing Hayes's petition based on his failure to comply with R.C. 2969.25(A)(2) and R.C. 2725.04.

{¶ 8} The sheriff also suggests that this case is moot because after Hayes filed his petition, he pleaded guilty to one count of cocaine possession in his criminal case and the trial court sentenced him to serve four to six years in prison. The sheriff claims that Hayes is now incarcerated at the Madison Correctional Institution.

{¶ 9} On November 6, Hayes filed a motion to strike the sheriff's merit brief, asserting that the brief "is not a document filed by the designated counsel of record." Hayes notes that this court issued a notice of filing of the record to the attorney general; he alleges that the attorney general is therefore the designated counsel of record for the sheriff, even though a Franklin County assistant prosecuting attorney filed the brief on the sheriff's behalf.

---

2. The sheriff has not made an argument about the lack of service of Hayes's notice of appeal. Despite the lack of service of the notice of appeal on the sheriff, we still have jurisdiction to consider Hayes's appeal. *See State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 2009-Ohio-4176, ¶ 12 (holding in an appeal from an original action brought in a court of appeals that a procedural defect in a notice of appeal, other than failing to timely file the notice of appeal, did not deprive this court of jurisdiction).

## II.  ANALYSIS

### A.  Motion to Strike

{¶ 10} The assistant prosecuting attorney's October 21, 2024 notice of appearance was the first document that the sheriff filed in this court in this case. Supreme Court Rule of Practice 2.01(B)(1) states that "the first document filed by a party serves as the notice of appearance of counsel for the attorneys who represent the filing party."  Therefore, the assistant prosecuting attorney's filing served as a notice of appearance of counsel of record for the sheriff.  Nothing suggests that striking the merit brief that was subsequently filed by the assistant prosecuting attorney—rather than the attorney general—would be appropriate.  *See* Rule 2.01(C) ("The Supreme Court may strike documents filed by attorneys who do not comply with this rule, may strike from the docket the names of attorneys who are not in compliance with this rule, or may take any other action as the Supreme Court deems appropriate.").

{¶ 11} Accordingly, we deny Hayes's motion to strike the sheriff's merit brief.

### B.  Writ of Habeas Corpus

{¶ 12} Hayes's petition for a writ of habeas corpus is moot.  The basis for Hayes's request for a writ of habeas corpus was his claim that he had been unlawfully detained at Franklin County Corrections Center II without bail since May 15, 2023, when the trial court revoked his $50,000 bond.

{¶ 13} However, the cover page of Hayes's merit brief in this case indicates that at the time he filed his brief, Hayes was incarcerated at the Madison Correctional Institution.  Moreover, we may take judicial notice of the petition for a writ of habeas corpus that Hayes filed in this court on September 17, 2024, in case No. 2024-1297, *Hayes v. Hildebrand*,[3] asserting that he was convicted upon a no-

---

3. On October 29, 2024, we sua sponte dismissed Hayes's September 17 petition.  *Hayes v. Hildebrand*, 2024-Ohio-5104.

contest plea, was sentenced to serve four to six years in prison, and is confined at the Madison Correctional Institution. *See State ex rel. Bradford v. Palmer*, 2024-Ohio-4929, ¶ 13-14 (this court may take judicial notice of its own docket in extraordinary actions), citing *Lopez v. Warden*, 2018-Ohio-4061, ¶ 4, 6; *see also State ex rel. Ames v. Summit Cty. Court of Common Pleas*, 2020-Ohio-354, ¶ 5-7 (this court may consider extrinsic evidence for purposes of determining whether an appeal is moot). Further, Hayes attached to his habeas petition in case No. 2024-1297 an order from the trial court denying his motion to suspend the execution of his sentence.

{¶ 14} Because Hayes has been convicted, any error regarding his pretrial bail is moot. *Smith v. Leis*, 2005-Ohio-5125, ¶ 13, citing *State v. Leonard*, 2004-Ohio-6235, ¶ 39. Therefore, Hayes's writ petition is moot and he is not entitled to extraordinary relief in habeas corpus. Accordingly, we dismiss his appeal as moot. *See State ex rel. Casanova v. Lutz*, 2023-Ohio-1225, ¶ 1-2 (dismissing appeal in habeas corpus case as moot because petitioner's argument that his bail was excessive was rendered moot by his conviction).

### III. CONCLUSION

{¶ 15} As explained above, we deny Hayes's motion to strike Sheriff Baldwin's merit brief. Further, Hayes's petition for a writ of habeas corpus against the sheriff has been rendered moot by Hayes's subsequent conviction. Therefore, we dismiss his appeal of the Tenth District Court of Appeals' judgment as moot. The clerk of the Court of Appeals for Franklin County is ordered to transmit to the Supreme Court Reporter of Decisions, for reporting purposes, a corrected decision that has the February 23, 2024 magistrate's decision appended.

Appeal dismissed.

———————————

Sharieff Hayes, pro se.

Shayla D. Favor, Franklin County Prosecuting Attorney, and Jennifer Warmolts, Assistant Prosecuting Attorney, for appellee.

_____